IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA TERESA ESPINO AS NEXT FRIEND OF J.V.E., A MINOR CHILD | § § § | |
| VS. | § § | CIVIL ACTION NO. (JURY REQUESTED) |
| EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT AND ELDA FLORES | § § | |

**DEFENDANT EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** and files this its 12(b)(6) Motion to Dismiss Plaintiff's Original Petition and would respectfully show unto the Court the following:

**I.
BACKGROUND**

1. Plaintiff has filed suit against Defendant Edinburg Consolidated Independent School District (hereafter "Edinburg CISD") alleging that elementary school student J.V.E. was assaulted and that excessive force was used against him by an employee of Defendant while he was being disciplined. Plaintiff asserts that Edinburg CISD violated the constitutional rights of J.V.E. under the laws and Constitution of the United States of America and the laws and Constitution of the State of Texas. Plaintiff sues for monetary damages from Defendant.

**II.
ARGUMENTS AND AUTHORITY**

**Plaintiff's Federal Constitutional Claims Must Be Dismissed Because Plaintiff's Due Process Rights Were Not Violated**

2.      Plaintiff has alleged that he was assaulted and that excessive force was used against him by an employee of Edinburg ISD while he was being disciplined. "To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Moore v. Willis Independent School District, 233 F.3d 871, 874(5th Cir.2000).

3.      Plaintiff's allegations that Defendant's employee implemented excessive force while disciplining Plaintiff are properly classified as corporal punishment under federal law. "The Supreme Court described corporal punishment as force that a teacher "reasonably believes to be necessary for a child's proper control, training, or education." Flores v. School Board of DeSoto Parish, 116 Fed.Appx. 504 (5th Cir. 2004) *referencing* Ingraham v. Wright, 430 U.S. 651, 661, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

4.      "Corporal punishment in public schools 'is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.'" Campbell v. McAlister, 162 F. 3d 94 (5th Cir. 1998); *citing* Woodard v. Los Fresnos Indep. Sch. Dist., 732 F.2d 1243, 1246 (5th Cir.1984). "Educators in states that proscribe student mistreatment and provide a remedy 'do not, by definition, act 'arbitrarily,' a necessary predicate for substantive due process relief.'" Moore v. Willis Independent School District, 233 F.3d at 875. "We have held consistently that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." Moore v. Willis Independent School District, 233 F.3d at 875.

5.      "Our precedents dictate that injuries sustained incidentally to corporal punishment,

irrespective of the severity of those injuries or the sensitivity of the student, do not implicate the due process clause if the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions." Moore v. Willis Independent School District, 233 F.3d at 875; *citing* Fee v. Herndon, 900 F.2d 804, 808 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990); *see also* Cunningham v. Beavers, 858 F.2d 269, 272 (5th Cir.1988), *cert. denied*, 489 U.S. 1067 (1989). Texas provides post punishment criminal and civil remedies for Plaintiff and his parents. Marquez v. Garnett, 567 Fed.Appx. 214 (5th Cir. 2014); *See generally* Fee v. Herndon, 900 F.2d 804 (5th Cir.1990); Moore v. Willis Independent School District, 233 F.3d 871(5th Cir.2000). Examples of such laws include Texas Penal Code § 9.62 and Texas Education Code section 22.0511(a). *See* Moore v. Willis Independent School District, 233 F.3d at 875.

6. Based on the above arguments and precedent, Plaintiff cannot state a claim against Defendant Edinburg CISD for which relief can be granted. Accordingly, the due process clause of the U.S. Constitution is not implicated in this case and plaintiff's claims under the U.S. Constitution should be dismissed.

**Plaintiff's Claims Under The Texas Constitution Must Be Dismissed**

7. Plaintiff asserts a cause of action against Defendant claiming that Defendant deprived Plaintiff of his rights under the Texas Constitution. No direct cause of action for due process violations exists under the Texas constitution. *See* Kaufman County v. Combs, 393 S.W.3d 336, 345(Tex.App.-Dallas, 2012); *See also* City of Beaumont v. Bouillion, 896 S.W.2d 143, 147–49 (Tex. 1995). Specifically, there is no cause of action for money damages against the State or a political subdivision of the State under article I, section 19 of the Texas Constitution. Hidalgo County v. Dyer, 358 S.W.3d 698, 708 (Tex. App.-Corpus Christi, 2011, no pet.); *See also* Smith

v. City of League City, 338 S.W.3d 114, 127 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (citing City of Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex.1995)). Plaintiff seeks monetary damages as relief in this cause of action. Accordingly, Plaintiff's claims under the Texas Constitution must also be dismissed.

8. WHEREFORE, PREMISES CONSIDERED, Defendant **EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** prays that Plaintiff takes nothing from this suit, that it be dismissed from this cause of action, that it recover its courts costs and attorneys fees associated with prosecuting this matter, and that the court grant Defendant such other and further relief to which it may be entitled to, either at law or in equity.

Signed on October 17, 2016**.**

Respectfully submitted,

**ESPARZA & GARZA, L.L.P.**
964 E. Los Ebanos
Brownsville, Texas 78520
Telephone: (956) 547-7775
Facsimile: (956) 547-7773

By: /s/ Eduardo G Garza
    Eduardo G Garza
    State Bar No. 00796609
    USDC Adm. No. 20916
    Roman "Dino" Esparza
    State Bar No. 00795337
    USDC Adm. No. 22703
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2016, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on each party to this action by Defendant's submission of this document to the U.S. District Court electronically to the DCECF system.

/s/ Eduardo G Garza
Eduardo G Garza

**CERTIFICATE OF CONFERENCE**

As this pleading involves a dispositive motion, there is no requirement for conference with respect to this motion.

/s/ Eduardo G Garza
Eduardo G Garza